5. EVIDENCE, § 350*—*when parol evidence of collateral agreement admissible.* Where an agreement to sell real estate requires that possession be delivered to vendee before conveyance, but fixes no time for such delivery, parol evidence of a contract fixing such time for delivery is competent, and has no tendency to vary the terms of a written instrument.

6. VENDOR AND PURCHASER, § 164*—*when delay in delivery of possession unreasonable.* Where an agreement for the sale of real estate dated March 25th gave vendor a period of more than two years in which to make conveyance, but was construed to require delivery of possession to vendee within a reasonable time, and where there was evidence of a verbal agreement to deliver such possession April 15th, a finding that vendor unreasonably delayed to deliver such possession *held* warranted by the evidence, where it appeared that as late as May 18th such possession had not been delivered, although there was evidence that at such last mentioned date vendor had not perfected his title, for the reason that under the agreement the time for conveyance and the time for delivery of possession were not the same, and therefore failure to perfect title did not excuse vendor for unreasonable delay in delivering possession to vendee.

---

## City of Chicago, Defendant in Error, v. Jane Doe, alias Mrs. Mary Metz, Plaintiff in Error.

### Gen. No. 21,093.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed November 15, 1915.

### Statement of the Case.

Prosecution by the City of Chicago against Jane Doe, *alias* Mrs. Mary Metz, in the Municipal Court of Chicago, charging defendant with being the keeper of a disorderly house in violation of section 2019 of the Chicago Code. To reverse a judgment of conviction, defendant prosecutes this writ of error.

CHARLES HORGAN, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Conlon v. Trenkhorst, 195 Ill. App. 335.

RICHARD S. FOLSOM and HARRY B. MILLER, for defendant in error; JOHN F. POWER, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. DISORDERLY HOUSE, § 1*—*when evidence sufficient to support judgment.* In a prosecution charging defendant with being the keeper of a disorderly house in violation of section 2019 of the Chicago Code, evidence *held* sufficient to prove that the character of the house was within the language of the ordinance.

2. DISORDERLY HOUSE, § 2*—*when evidence sufficient to show keeping.* In a prosecution wherein defendant was charged with being the keeper of a disorderly house in violation of section 2019 of the Chicago Code, evidence *held* sufficient to sustain a judgment of conviction.

---

### M. C. Conlon, Defendant in Error, v. Frank Trenkhorst, Plaintiff in Error.

### Gen. No. 21,128.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed November 15, 1915.

### Statement of the Case.

Action of tort by M. C. Conlon, plaintiff, against Frank Trenkhorst, defendant, in the Municipal Court of Chicago, to recover for injuries to plaintiff's electric car caused by being struck by defendant's automobile, alleged to have been negligently operated. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

ANDREW J. REDMOND, for plaintiff in error.

EBEN F. RUNYAN, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.